## SAMUEL REEVE agt. JOHN THORBURN.

An attorney making an offer to plead and pay costs, &c., under the rule, for the purpose of being let in to plead and defend, *must offer to plead issuably*.

*Quere?* Whether a plea of bankrupt's discharge, *properly* verified, is an issuable plea.

*December Term,* 1845.

MOTION by defendant to set aside default and subsequent proceedings.

This was an action of assumpsit, on promissory notes, and notice that they were the only cause of action. The defendant was a resident of St. Louis, state of Missouri; being in the city of New York at the time the suit was commenced, he employed an attorney in New York to defend the suit; his defence was a discharge under the bankrupt act of the United States, which he had not with him, but on returning home, he procured a copy of his discharge, at the city of Philadelphia, and sent it to his attorney; his attorney prepared a plea of non-assumpsit and a special plea of defendant's discharge under the bankrupt act, and sent it on to *de-   [*30] fendant at St. Louis, with a request to verify it by an affidavit of merits and return, which was done; in the mean time, the time to plead had expired, and the plaintiff's attorney had entered default, &c.; the defendant's attorney stating that in the pressure of professional engagements, he forgot to procure an order for further time to plead. On the arrival of the pleas, defendant's counsel verified the special plea by an affidavit of his own, and defendant's attorney offered to serve the same with the plea of general issue and affidavit of merits on plaintiff's attorney and pay costs, &c., under the rule, which plaintiff's attorney declined to receive, for the reason that the plea of bankrupt's discharge was verified by defendant's counsel only, and that it *was not an issuable plea;* he offered to receive the plea of the general issue only upon the terms offere l.

S. STEVENS, *defendant's counsel.*

F. ANTHON, *defendant's attorney.*

L. LIVINGSTON, *plaintiff's counsel and attorney.*

JEWETT, Justice.    Ordered that the default be opened on payment of $7 costs, and that defendant plead issuably in ten days from the entry of this order, and take short notice of trial.